**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TEJINDER SINGH, | No. 13-71912 |
| Petitioner, | Agency No. A096-517-813 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Tejinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Our

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

Singh does not claim past persecution in India. Substantial evidence supports the BIA's finding that, even if Singh's asylum application was not time-barred and even if credible, Singh did not establish a well-founded fear of persecution in India due to his marriage. *See Halim v. Holder*, 590 F.3d 971, 976-77 (9th Cir. 2009) (petitioner failed to make a compelling showing of the objective component of a well-founded fear of persecution); 8 C.F.R. § 1208.13(b)(3)(i) (in the absence of past persecution, the burden is on the applicant to show that relocation would be unreasonable). We lack jurisdiction to consider Singh's contentions related to a pattern and practice of persecution because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Thus, we deny the petition as to Singh's asylum claim.

Because Singh did not meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

13-71912

Finally, substantial evidence supports the BIA's denial of Singh's CAT claim because he did not establish it is more likely than not he will be tortured if he returns to India. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**